**INTERNATIONAL CREOSOTING & CON-STRUCTION CO. v. DANIEL.**

No. 3617.

Court of Civil Appeals of Texas. El Paso.

Feb. 10, 1938.

Rehearing Denied March 3, 1938.

Claude Williams and Lightfoot, Robertson, Saunders & Gano, all of Fort Worth (Dan P. Johnston, of Dallas, and E. B. Robertson, of Fort Worth, of counsel), for appellant.

King, Mahaffey & Wheeler and William V. Brown, all of Texarkana, and Jones & Jones, of Marshall, for appellee.

WALTHALL, Justice.

R. F. Daniel, as plaintiff, brought this suit in the district court of Bowie county, against defendant, the International Creosoting & Construction Company, a corporation, to recover damages, and alleged that on or about the 12th day of December, 1935, he had delivered upon the skidway of defendant at its creosoting plant in Bowie county, and near one of its switch or loading tracks in its yards, certain timber and poles, and that while there assisting defendant's agents, representatives, and employees in inspecting the said timber and poles preparatory to a sale and delivery thereof to defendant, defendant caused or permitted a large crane or hoisting device to pass or suspend over plaintiff a number of poles, commonly referred to as a "crane load of poles," and that by reason of some negligent act and conduct on the part of defendant, its agents, servants, and employees, or by reason of some defective condition of said appliances used by defendant, and which defective condition and the use thereof under the circumstances amounted to negligence on the part of defendant, the said crane load of poles was dropped or caused to fall upon or to strike plaintiff and inflict upon him the injuries set out, and of which he complains. Plaintiff then alleges: That all of the appliances being used for handling the said poles that fell upon plaintiff

were in the control of defendant, and that the work of handling and moving the said poles was being done by the agents, servants, and employees of defendant under its direction, management, and control, and that plaintiff had nothing to do with the same, and did not know that the work of passing or suspending the said poles above him was being done until the same fell upon him, and that he cannot give a detailed statement of or fully set forth the acts of negligence upon the part of the defendant, its servants, agents, and employees, either as to the manner of handling the poles or as to the condition of the machinery that was used in handling the same, but that the same (poles) were suspended, moved, and carried over plaintiff by a system of levers, chains, cables, and pulleys, that were in the exclusive use and operation of defendant in its business, and that by reason of the defective condition of said machinery due to defendant's negligence, the crane load of poles was caused to fall upon plaintiff and injure him, or by reason of the negligence of some of defendant's agents, servants, or employees, said machinery was negligently operated and handled in such manner as to cause said crane load of poles to fall upon plaintiff and injure him, and that the injuries were inflicted upon him by the negligence of the defendant. Plaintiff states in detail the injuries suffered by him by reason of the poles falling upon him, his confinement by reason of injuries, his treatment by doctors, care of nurses; that by reason of the injuries he is permanently and wholly incapacitated to engage in any work in the future; that he is unable to work without a severe limp, and will not be able in the future without severe impediment or limp; that by reason of his injuries he has suffered mental and physical pain, and will continue to suffer in the future. Plaintiff alleges that prior to his said injuries he was strong and healthy, states his earning capacity, and the damages sustained, for which he sues.

Defendant answered by general demurrer, general denial, specific acts of contributory negligence.

The case was tried with a jury and submitted upon special issues. In due time defendant submitted a special charge instructing a verdict for defendant, which the court overruled. In due time defendant offered objections and exceptions to the court's charge, all of which were by the court overruled.

The jury found, in substance, the following:

1 and 2. That the falling of the crane load of poles and the consequent injury to the plaintiff, R. F. Daniel, on the occasion in question, was due to some negligent operation of said crane by the defendant's agent, servant, and employees, and a proximate cause of plaintiff's injuries.

3. The falling of the crane load of poles on the occasion in question was due to some defect in the defendant's machinery.

4 and 5. Such defect was due to negligence on the part of the defendant, and such negligence was a proximate cause of plaintiff's injuries.

Under issues from 6 to 12, both inclusive, the jury found in favor of plaintiff and against defendant on all of defendant's allegations of contributory negligence in placing himself in close proximity to said crane when in operation, failure to keep a proper lookout for said machinery and its load of poles, and in standing and working in the place over which the boom of said machine was swinging.

13. The jury found that the falling of the crane load of poles on the occasion in question was not the result of an unavoidable accident.

The jury found that $6,000 was the value of plaintiff's damages. The court entered judgment on the jury's verdict on the issues as found, overruled defendant's motion for a new trial, and defendant appeals.

## Opinion.

We have stated above all the facts pleaded by both parties to this suit, and we need not restate them here. We designate and refer to the parties, respectively, as plaintiff and defendant as in the trial court.

Defendant submits that plaintiff pleaded his cause of action under the doctrine of res ipsa loquitur, in that he alleged that the crane of poles that fell on him was under the exclusive management and control of defendant, and that he does not know the specific causes of the accident, but states that the accident happened, and the presumption should be indulged that it was due to some act of negligence on the part of defendant in operating the

crane; that no specific acts of negligence are alleged.

Plaintiff's allegations as shown by his pleadings are, in substance, that defendant caused a crane or hoisting device to pass or suspend over him a number of poles, and by some negligent act and conduct upon the part of defendant, by reason of some defective condition of the appliances, which defective condition and the use thereof was due and caused by the negligence of defendant, and which use thereof under the circumstances amounted to negligence; that all the appliances were in the control of defendant as was the work of handling and moving the poles; that plaintiff had nothing to do with the same and did not know the work of passing or suspending the poles above him was being done, and that he cannot give a detailed statement of or fully set forth the acts of negligence upon the part of defendant as to the manner of handling the poles, or as to the condition of the machinery, but the same was done by a system of levers, chains, cables, and pulleys in the exclusive use of defendant; and that by reason of the defective condition of the machinery the poles were caused to fall upon and injure him.

Plaintiff's witness Jimmie Griffin testified that about a minute after the falling of the poles upon plaintiff, the operator of the crane "came up there" and said: "The clutch slipped; the clutch wouldn't hold on the derrick."

The evidence shows that plaintiff was not rendered unconscious by the poles falling upon him.

Defendant, in its propositions, submits that, under the evidence, plaintiff had full knowledge of the specific matters which caused the accident or falling of the poles upon plaintiff, and for that reason the doctrine of res ipsa loquitur has no application.

Under issues submitted the jury found that the falling of the poles was due to some negligent operation of the crane, which was a proximate cause of plaintiff's injuries; that the falling of the poles was due to some defect in defendant's machinery; that such defect was due to negligence on the part of defendant, and a proximate cause of plaintiff's injuries.

The court submitted no act of negligence on the part of defendant other than the above.

The evidence does not show that plaintiff had any information or knowledge as to what caused the poles to fall upon him, other than as stated by the witness Griffin. While the evidence shows that plaintiff was not rendered unconscious by the falling of the poles upon him, it does not show that plaintiff heard what the engineer or operator of the crane said was the cause of the poles falling, nor that Jimmie Griffin, nor any of the others there, told plaintiff what the operator of the crane said. The evidence does not show that plaintiff was within hearing distance of the operator when he made the statement; it only shows that "the operator came up there."

█ In our opinion the evidence does not sufficiently show that plaintiff had full knowledge of the specific acts of negligence which were the cause of the injuries complained of, as submitted by defendant, to justify this court in holding that the doctrine of res ipsa loquitur does not apply, and that because it does not apply the court erred in refusing to instruct the jury in defendant's favor, as requested.

The evidence shows without question that at the time and place and under the circumstances alleged, defendant caused a hoisting device, referred to in the evidence as a "crane," carrying a number of poles, to be moved and carried over plaintiff, and that while being so moved and carried the load of poles fell upon plaintiff and injured him.

██ The rule seems to be well established in this state, as said by the Supreme Court in Texas & St. L. Railway Co. v. Suggs, 62 Tex. 323, and referred to in Wichita Falls' Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 664, that, "While the naked fact that an accident has happened may be no evidence of negligence, yet the character of the accident and the circumstances in proof attending it may be such as to lead reasonably to the belief that, without negligence, it would not have occurred;" and, as further said in the opinion, that, "where * * * the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation, that the accident arose from want of care."

Here, the record shows no explanation made by defendant on the trial of the

cause of the accident, other than the statement of the operator of the crane of poles shortly after it occurred, "that the clutch slipped; the clutch wouldn't hold on the derrick." As to why the clutch slipped, or why it wouldn't hold on the derrick, was not explained. One witness who had worked at defendant's creosoting plant, and was working there on the occasion in question, and saw the poles when they were swinging at the time in question, said they had been swinging them all the time he had been working there, they swing them over the boys' heads all the time; they swing them over men's heads all the time; was looking at them when the poles came down, said they came down all at once, and hit (plaintiff) glancing from his shoulder down to his side; when he hit the ground they were laying on him; they knocked him down. Witness said he had never seen the crane loads fall down before.

Plaintiff alleged the acts of defendant assigned as negligence in general terms, and alleged that he could not give a detailed statement or set them forth more fully. We have concluded that res ipsa loquitur applies, and overrule defendant's first four propositions.

We do not believe that special issue No. 1, as submitted, is a comment on the weight of the testimony, or duplicitous and multifarious, as submitted by defendant, and the propositions are overruled.

The court permitted plaintiff to introduce in evidence the American Table of Mortality Life Expectancy showing plaintiff's expectancy of some twenty-three years, over defendant's objection that same was immaterial and irrelevant.

Plaintiff alleged that he will never recover from his injuries, and that his injuries will wholly incapacitate him to engage in any work in the future. At the time of the injuries plaintiff was 46 years old. For two years prior to his injuries plaintiff was engaged in producing and hauling lumber to the mill. Prior to that time plaintiff's general occupation was that of farming.

Much evidence was offered to show the character and extent of plaintiff's injuries. The evidence tends to show that prior to his injuries plaintiff was a strong, healthy man, average weight around two hundred pounds, six feet and two inches tall. The evidence tends to show the general character of plaintiff's work in connection with his timber business, lifting and putting it on trucks, at which plaintiff testified he did "the leading part"; the timbers were cut and bunched in the woods and there loaded in trucks, and hauled to the tracks and skidways of the purchasers, where the timbers are inspected; the evidence shows the work done inspecting, such as rolling, measuring, etc.

In answer to the question asked the physician witness: "He (plaintiff) is able to do a good deal of the duties of manual labor, isn't he?" Answer: "No, he can't do any lifting at this time."

Question: "Don't you believe he will?" Answer: "No, I don't believe he will ever be able to do the work of manual labor that he did at one time."

Plaintiff alleged that prior to his injuries he was earning more than $3,000 per year; and that by reason of his injuries he has not been able to earn anything; that his ability to earn money in the future has been destroyed or greatly reduced.

Defendant refers us to Texas Mexico Ry. Co. v. Douglass, Supreme Court, 69 Tex. 694, 7 S.W. 77.

We understand from the case of Gulf, C. & S. F. R. Co. v. Mangham, 95 Tex. 413, 67 S.W. 765, 767, the Supreme Court holds that the above case of Texas Mexico Railway Co. v. Douglass was improperly decided. On the second hearing of the same case before the Supreme Court, the question presented was not before the court. Texas Mexico Ry. Co. v. Douglas, 73 Tex. 325, 11 S.W. 333.

However, in Gulf, C. & S. F. Railway Co. v. Mangham, the court held, in answer to a certified question, that mortality tables are admissible for consideration in determining the amount of damages in a personal injury case, where the plaintiff's capacity to earn money is permanently partially impaired, but not entirely destroyed. For other cases see 17 Tex.Jur. p. 742, note 17. The assignment is overruled.

We have found no reversible error, and the case is affirmed.

Affirmed.