**CAROTHERS v. OLSHAN.**

**No. 11812.**

Court of Civil Appeals of Texas. Galveston.

Nov. 7, 1946.

Rehearing Denied Jan. 16, 1947.

Second Motion for Rehearing Denied

Feb. 27, 1947.

Durell M. Carothers and H. Fletcher Brown, both of Houston, for appellant.

Thomas M. Phillips, of Houston (Baker, Botts, Andrews & Walne, of Houston, of counsel), for appellee.

CODY, Justice.

The old Levy Building, which was four stories in height, was located in downtown Houston. It was destroyed by fire in January, 1943. Appellant operated a parking lot at all times material which adjoins the site of the old Levy Building on the north. Appellee was the contractor who was engaged to demolish and remove what was left of the burned building after the fire.

Appellant brought this suit against appellee, alleging that, on February 23, 1943, appellee, acting through his employees, did negligently throw a large brick wall from the adjoining property onto appellant's parking lot, and pled that the doctrine of res ipsa loquitur was applicable. He laid

942

the resulting damages to the parking lot at $399.12, and pled that he was thereby prevented for two months from operating his parking lot, and laid his entire damages at $899.12. Appellee pled a special exception to the generality of appellant's allegations, and to the alleged applicability of the doctrine of res ipsa loquitur, and also pled a general denial.

However, appellee never urged his special exception, and the parties went to trial on appellant's petition, and appellee's general denial. Appellant introduced evidence by an eyewitness that, on February 23, 1943, witness saw appellee's employees hook a cable over the top of the wall, then by that means throw the wall down on appellant's parking lot. Said witness further testified for appellant that the aforesaid cable was attached to a power winch which has been placed by appellee's employees north of the wall, and on appellant's parking lot; that the wall was caused to fall north, toward the winch, and upon the parking lot.

At the conclusion of appellant's evidence, appellee made no motion for judgment, nor otherwise contended that appellant had failed to make out a prima facie case of actionable negligence. But, to the contrary, proceeded with his defense under his general denial. Appellee's evidence was to the effect that due care was exercised by his employees to prevent injuries to persons or property. His evidence as to where the winch was placed was in direct conflict with appellant's. His evidence was that the winch was placed south of the wall which was to be thrown down, was placed within the standing walls upon the site of the burned building. His evidence was to the effect that the wall was thrown south, away from the parking lot and toward the winch (as located by his evidence) and that only a few bricks toppled onto the parking lot, causing no damages.

The court, trying the case without a jury, rendered judgment for appellee, that appellant take nothing. In response to appellant's request, the court filed conclusions of fact and law. So far as here relevant, the court found that a portion of the wall had fallen on the parking lot at the time of the fire, and that the damages thus caused had been repaired by appellant prior to February 23, 1943, and that on said day an additional part of the wall fell on appellant's lot, which appellant had repaired at the cost of $399.12. He found that "the defendant and his agents in pursuing the demolition work were guilty of no negligence and plaintiff suffered no damages as a result thereof." He also found that appellee had caused barricades to be erected, which kept out the public including appellant; also, that the work of demolition was openly done, and that appellant had full opportunity to determine what, if any, acts of negligence appellee and his employees were guilty of. He concluded that appellant's cause of action was not governed by the doctrine of res ipsa loquitur; and that appellant had failed to plead and prove any acts or omissions of negligence, and that appellant had proved no cause of action.

Appellant predicates his appeal on five points, to the effect:

1. That the court erred in finding that appellant had a full opportunity to determine what, if any, acts of negligence appellee and his agents were guilty of.

2. (This point presents the converse of point 1).

3. That the court erred in finding that appellee and his employees were guilty of no negligence, and in holding that appellee and his employees were guilty of no negligence.

4. (This point presents the converse of point 3).

5. That the court erred in concluding that the doctrine of res ipsa loquitur did not apply, and in concluding that appellant failed to plead and prove any acts or omissions of negligence and that appellant was not entitled to judgment.

Appellant's points 1, 2 and 5 present in different forms his contention that the court erred in holding that the doctrine of res ipsa loquitur does not apply to this case.

The doctrine of res ipsa loquitur applies "Where the thing [which caused the injury] is shown to be under the man-

agement of the defendant, * * * and the accident is such as, in the ordinary course of things, does not happen if those who have its management [or control] use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." McCray v. Galveston, H. & S. A. R. Co., 89 Tex. 168, 34 S.W. 95, 97. But the doctrine is merely a rule of evidence. Where it properly applies, the fact of the occurrence warrants an inference of negligence, but does not compel it, the presumption arising from the happening is a rebuttable one. And where the plaintiff has established a prima facie case of negligence by virtue of the doctrine of res ipsa loquitur, it is incumbent upon the defendant to introduce evidence to explain, rebut or otherwise overcome the presumption or inference that the injury complained of was due to negligence. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659; Gulf, C. & S. F. R. Co. v. Dunman, Tex.Com.App., 27 S.W.2d 116, 72 A.L.R. 90.

■ That the wall here would fall was obviously not an unexpected happening. It was the purpose and intention of the defendant to cause it to fall, and its failure to fall would have been the unexpected. The mere fact that damages result from an act or omission because of negligence upon the part of a defendant, and such a result was not expected does·not present a case for the application of the doctrine of res ipsa loquitur. In their nature the happening of accidents are in a sense unexpected. And the damages resulting from accidents are as unexpected as the accidents from which they result. The "doctrine (of res ipsa loquitur) is of limited and restricted scope, ordinarily to be applied sparingly and with caution in peculiar and exceptional cases, and only where the facts and demands of justice make the application essential." 45 C.J. 1200.

The operation of demolishing a wall by pulling it down with cable and winch is a comparatively simple operation. The things required to be done in the process are not difficult to determine. If the defendant did nothing wrong, and omitted doing nothing which due care dictated, and injury results, he is not liable, for he is not an insurer. Here, appellant made out a prima facie case by adducing evidence to the effect that appellee caused the winch to be placed in the wrong place, i. e., north of the wall, on appellant's parking lot; and by pulling the wall in that direction, caused it to fall in that direction. Appellee, in his rebuttal, introduced evidence which was in direct conflict therewith, and in addition introduced evidence which, if believed by the trier of facts, warranted the conclusion that appellee's employees exercised due care.

■ It follows from what has been said that we find there was evidence to support the court's finding that appellant had full opportunity to determine what, if any, acts or omissions of negligence the appellee and his employees were guilty of, and in concluding that the doctrine of res ipsa loquitur does not apply. It likewise follows from what we have said that we hold the evidence was sufficient to sustain the court's finding that appellee and his employees were guilty of no negligence, and that appellant suffered no damages for negligence by them, and that the court did not err in rendering judgment for appellee. Appellant's points are overruled.

The judgment is affirmed.

On Appellant's Motion for Rehearing.

We have carefully reviewed appellant's able motion for rehearing. As was stated in our original opinion, the doctrine of res ipsa loquitur is merely a rule of evidence, and at most warrants and does not compel an inference of negligence. That is to say, where the doctrine applies, it results in carrying the case to the trier of the facts. See in addition to the cases cited in our original opinion, Washington v. Missouri R. Co., 90 Tex. 314, 38 S.W. 764. But here we have a finding, based upon sufficient evidence, that appellee's employees were guilty of no negligence, which supports the judgment rendered.

We overrule appellant's motion for rehearing.