DALLAS RAILWAY & TERMINAL CO., Appellant,

v.

J. L. CLAYTON et ux., Appellees.

No. 14891.

Court of Civil Appeals of Texas.

Dallas.

Dec. 17, 1954.

Rehearing Denied Jan. 14, 1955.

Burford, Ryburn, Hincks & Ford, and Bruce Graham, Dallas, for appellant.

Caldwell, Baker & Jordan, and Williams & Akin, Dallas, for appellees.

DIXON, Chief Justice.

Appellee sued appellant for personal injuries sustained by his wife when a bus on which she was a passenger collided with a guard rail on a viaduct between Oak Cliff and downtown Dallas. Judgment was rendered for appellee for $9,750.

In his petition appellee pled specific acts of negligence, but in an alternative alleged that the bus was owned and operated and was under the exclusive management and control of appellant, and further, that the collision was one which, in the ordinary course of events would not have happened if appellant had used a high degree of care in operating, maintaining and repairing the bus, such alternative pleading giving appellant notice that appellee intended to rely on the doctrine of res ipsa loquitur. At the conclusion of the testimony appellant moved that appellee be required to elect whether he would rely on specific acts of negligence or upon res ipsa loquitur. The motion was overruled and the case was submitted to the jury upon both principles. The jury found against appellant on issues of proper lookout, excessive rate of speed, and speed in excess of 35 miles per hour. It also found against appellant on the res ipsa loquitur issue: that the driver was negligent in the operation of the bus.

Appellant's brief presents six alleged points of error which may be grouped under three headings: (1) Though appellee could properly plead specific acts of negligence and also plead res ipsa loquitur in the alternative, he was not entitled to have his case submitted to the jury on both theories; (2) improper jury argument by appellee's counsel; and (3) the alleged submission three separate times of the question of speed as an act of negligence.

Appellant's first point is overruled. We agree with appellant that when

the cause of a mishap is indisputably known or established by the evidence already in the record, the doctrine of res ipsa loquitur is not applicable, and it is then error to submit an issue on res ipsa loquitur. But that is not the situation before us in this case. It is true that appellee here alleged and introduced evidence of specific acts of negligence. However this was not the equivalent of establishing such allegations as true, for appellant had made them issues by pleading a denial, and when its turn came introducing evidence to support its denial. Therefore it cannot be properly said that these specific acts had been established until the jury returned its verdict. Prior to that time, for all appellee could know, his attempt to establish specific acts of negligence might be altogether unsuccessful. That being true, it would have been improper in our opinion for the court to have required him to elect between the two principles. We think that in cases in which a plaintiff is entitled to rely on the doctrine of res ipsa loquitur, he ought not to be penalized by the loss of the presumption because he has been willing to go forward and do the best he can to prove specific acts of negligence. On the contrary he ought to be encouraged to give the court, the jury, and even the defendant the benefit of whatever facts, if any, his effort may develop toward revealing the specific causes of the mishap. And of course if a plaintiff should not be penalized for making the effort, he ought not to be later penalized for succeeding. We think that our action in overruling appellant's first and second points is supported by these authorities: Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445; Gulf C. & S. F. Ry. Co. v. Dunman, Tex.Com.App., 27 S.W.2d 116, 72 A.L.R. 90; Coastal Coaches, Inc., v. Ball, Tex.Civ.App., 234 S.W.2d 474, 22 A.L.R.2d 955; Thompson v. Brown, Tex.Civ.App., 222 S.W.2d 442; Tyreco Refining Co. v. Cook, Tex.Civ.App., 110 S.W.2d 219; Cassady v. Old Colony Street Ry. Co., 184 Mass. 156, 68 N.E. 10, 63 L.R.A. 285; Golden v. Mannex, 214 Mass. 502, 101 N.E. 1081; and Leet v. Union Pacific R. R. Co., 25 Cal.2d 605, 155 P.2d 42, 158 A.L.R. 1008, certiorari denied 325 U.S. 866, 65 S.Ct. 1403, 89 L.Ed. 1986.

Each of appellant's next three points complains of alleged improper jury argument by appellee's counsel. We here quote the language of which appellant complains:

(1) "Now, he may take the position that we (were) negligent in this case and we don't owe her a penny. But, Mr. Graham, I ask you, assuming that this is not true, to tell this jury how much money you owe this woman, and I will submit to you gentlemen, and ask Mr. Graham to tell you just exactly how much he things (thinks) that the transit corporation owes Mrs. Clayton for what she has gone through in the past and what we know she is going to go through in the future." (2) "Now, I think it is totally uncalled for, the accusation that he made against Mrs. Clayton here. I don't suppose that there is anybody in the world that can actually down to a gnat's heel judge speed. Simply because that lady said in her judgment that the bus was going forty-five or fifty miles an hour, do you gentlemen want to go out here and say that she wasn't telling the truth. You had her on the witness stand and you had a right to judge her demeanor and appearance, and I say to you that it was uncalled for. Now, all of these tears and all these things here, he is shedding crocodile tears for the Traction Company trying to save their dollars, because they know they are to blame for this terrible thing." (3) "I think that what we are asking for, what Mr. Hill mentioned is not out of line, and not without reason. I won't argue with you of course, I won't feel bad if you disagree with me. That's your province. All I want you to do in this case is write the kind of verdict—that when you go home, you will be proud of, when you go to commune with your Maker that you will have no apology to anyone. Gentlemen, if you don't do that—if you don't write that kind of verdict to this case, the thoughts of this poor crippled lady will gnaw at your hearts the rest of your life."

Bill of exception No. 1, prepared by the court, shows that no objection was made to the first of the above arguments.

. Bill of exception No. 2, also prepared by the court, shows that objection to the second of the above arguments was made, but not ruled on by the court, the court merely saying, "All right, proceed." Appellant took no exception to the statement by the court, and did not thereafter move the court to instruct the jury to disregard the argument.

Bill of exception No. 3 which was prepared by the court, too, shows that objection was made to the third of the above arguments, objection was sustained, and the jury was instructed at the time to disregard the argument. Later in a special written instruction, given at appellant's request, the jury in connection with the submission of the court's charge, was again instructed to disregard the argument.

We overrule appellant's points Nos. three, four and five. It is not easy to draw the line between argument which is permissible and that which is improper. In the instant case we do not believe it is necessary for us to decide the question. For we are of the opinion that the error committed, if it was error, in making the arguments in each of the three instances was the type of error which is curable by instructions from the court to the jury to disregard the argument. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Wade v. Texas Emp. Ins. Ass'n., 150 Tex. 557, 244 S.W.2d 197, at page 200. The failure of appellant in the first instance to object and ask for such an instruction is fatal to appellant's claim of reversible error. Ramirez v. Acker, supra, 138 S.W.2d at page 1056. The failure of appellant to obtain a ruling from the court and to move for an instruction in the second instance is also fatal to appellant's claim. Texas & P. Ry. Co. v. Hagenloh, Tex.Civ.App., 241 S.W.2d 669, affirmed 151 Tex. 191, 247 S.W.2d 236. And the action of the court in sustaining appellant's objection in the third instance and twice instructing the jury, once in writing, to disregard the argument, we think removed the third argument from the category of reversible error. King v. Federal Underwriters, 144 Tex. 531, 191 S.W.2d 855; Davis v. Hill, Tex.Com.App., 298 S.W. 526.

Appellant's sixth and last point advances the contention that the court erroneously submitted three separate times appellee's theory that appellant was negligent in the matter of the speed of its bus. Special issue No. 1 inquired whether the bus was operated at a greater rate of speed than a very cautious and prudent person would have operated it; No. 5 inquired whether the bus was operated at a speed in excess of 35 miles per hour; No. 7 was the res ipsa loquitur issue.

We overrule appellant's sixth point. The submission of both issues Nos. 1 and 5 above referred to was not a double submission. Connor v. Heard & Heard, Tex. Civ.App., 242 S.W.2d 205 (writ ref. n. r. e.). What we have said in connection with appellant's points one and two is applicable here with reference to appellant's claim that the submission on issue No. 7 was improper.

The judgment of the trial court is affirmed.