**William H. JEFFERSON, Appellant,**

v.

**TAIYO KATUN, K. K. et al., Appellees.**

No. 19971.

United States Court of Appeals
Fifth Circuit.

Nov. 28, 1962.

Herman Wright, Mandell & Wright, Houston, Tex., for appellant.

Bryan F. Williams, Jr., Galveston, Tex., Frank G. Harmon, Houston, Tex., Baker, Botts, Shepherd & Coates, Houston, Tex., of counsel, for appellees.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant brought an action against the owner of a steamship for damages claimed as a result of an injury he had received while working as a stevedore in the loading of the vessel. Suit was brought on the dual theory of negligence of the owner's employees and the unseaworthiness of the vessel. At the trial the claim of negligence was abandoned. The appellant requested and the court refused to give an instruction that the vessel was unseaworthy as a matter of law. At the time of the injury the appellant was stowing cotton in one of the holds of the vessel and, with others of the crew, was walking upon dunnage laid upon barrels which constituted a part of the cargo. The district court propounded to the jury the question as to whether the appellant was injured by the breaking of a dunnage board, and the jury gave an affirmative answer. The next question put to the jury was whether the dunnage board was unseaworthy at the time of the appellant's accident. The jury answered that "it was seaworthy." Judgment was entered for the owner of the vessel on the special ver-

dict of the jury and from that judgment this appeal has been taken.

 The sole question for us to determine is whether, as a matter of law, the vessel was unseaworthy and the appellant was entitled to an instructed verdict on liability. It will be a rare case where the issue of unseaworthiness as the proximate cause of an injury is to be resolved for or against a shipowner as a matter of law. Norris, Maritime Personal Injuries, 106–107, § 43. This is not such a case; and we do not think there would be any addition made to the jurisprudence in the field by a recital of the evidence. The Supreme Court, in discussing the setting aside of jury verdicts in cases involving the seaworthiness of a vessel by appellate courts, has said:

"We might agree with the Court of Appeals [Beard v. Ellerman Lines, Ltd., 3 Cir., 289 F.2d 201] had the questions of fact been left to us. But neither we nor the Court of Appeals can redetermine facts found by the jury any more than the District Court can predetermine them. For the Seventh Amendment says that 'no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.'" Atlantic & Gulf Stevedores v. Ellerman Lines, Limited, 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798.

The answers to the two interrogatories previously mentioned are not, on the record before us, inconsistent. The finding that the appellant's injury resulted from the breaking of a dunnage board does not require a finding that the vessel was unseaworthy. In the opinion from which we have quoted it is also said:

"Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. For a search of one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment." Atlantic & Gulf Stevedores v. Ellerman Lines, supra.

We find no merit in the contention urged by the appellant. The judgment of the district court is

Affirmed.