Julian **QUINTERO**, Appellant,

v.

**SINCLAIR REFINING COMPANY,**
Appellee.

No. 19849.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1962.

W. Jiles Roberts, Houston, Tex., for appellant.

Don F. McNiel, Houston, Tex., Baker, Botts, Shepherd & Coates, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

This is an appeal from a jury verdict and judgment against appellant, a seaman, who claims damages as a result of an injury sustained while working aboard appellee's vessel. The action was based on unseaworthiness and negligence under the Jones Act, 46 U.S.C.A. § 688, and the case was submitted to the jury on special interrogatories. In answer to the interrogatories, the jury found that the appellee was not negligent, that the vessel was not unseaworthy, and that the injury was a result of an unavoidable accident.

Appellant's first complaint is the submission of the interrogatory inquiring as to "unavoidable accident." He argues that submission of this question in any form is prejudicial, because "In effect this is a specie of assumed risk." Whether he is correct or not as to whether "unavoidable accident" is a form of assumed risk, submission of that interrogatory was not prejudicial, because the jury specifically found that appellee was not negligent and that the vessel was not unseaworthy. In the absence of negligence or unseaworthiness, whether the accident was "avoidable" or not was immaterial and no liability could be placed on the shipowner. Neal v. Lykes Bros. Steamship Co., Inc., 5 Cir., 1962, 306 F.2d 313; and cf. Jefferson v. Taiyo Katun, K.K., 5 Cir., 1962, 310 F.2d 582.

Appellant next urges error in the charge that he had to prove his case "to the jury's satisfaction by a preponderance of the evidence" rather than "merely by a preponderance of the evidence," citing State court cases condemning the use of the word "satisfaction" in charges to the jury and claiming that the use of that word would require a greater burden of proof than a mere preponderance. Cf. J. M. Blythe Motor Lines Corporation v. Blalock, 5 Cir., 1962, 310 F.2d 77. The record discloses that the court in its charge discussed in detail the burden cast on the parties to the action and that only once, in the summation of the charge, was the word "satisfaction" used.

Even assuming that the use of the challenged word was improper, looking as we must to the charge as a whole, e. g., Bush v. Louisville & Nashville Railroad Co., 1958, 5 Cir., 260 F.2d 854, we find that the charge accurately advised the jury of the law governing the burden of proof. That being true, the use of this one word under the circumstances here disclosed would not constitute reversible error.

The judgment of the court below is
Affirmed.