Roy L. BRUCE, Appellant,

v.

DENTON COUNTY ELECTRIC COOPERATIVE, INC., Appellee.

No. 16507.

Court of Civil Appeals of Texas.

Fort Worth.

March 27, 1964.

Rehearing Denied April 24, 1964.

Coleman & Whitten, and Royce Whitten, Denton, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case and Jack Pew, Jr., Dallas, for appellee.

MASSEY, Chief Justice.

From a judgment for the defendant Denton County Electric Cooperative, Inc., in a suit for personal injury damages, plaintiff Roy L. Bruce appealed.

Judgment affirmed.

A man by the name of Harper Sinclair owned a farm in Denton County. By rights acquired under an easement the defendant Cooperative had maintained its power line at all times in question (and for some time prior to plaintiff's injuries), energized with an electric current, upon and across the Sinclair property. In the Spring of 1961 Sinclair decided to build a barn. As a site therefor he selected a point directly under the Cooperative's power transmission line. Construction activities followed and reached a point where there was a roof on the structure. Plaintiff was employed to do construction work thereon by the contractor and pursuant to his work went upon the roof where his head came in contact with an energized wire, with another part of his body in contact with a "ground" wire. He received a charge of electricity in his head and body which caused and resulted in his severe bodily injuries.

Mr. Sinclair had at one time been a customer of the Cooperative. During such period the latter concern had furnished power for his use by attaching a service wire to its transmission line across his property. Sinclair thereafter ordered discontinuance of such service. In obedience

to his order the Cooperative "cut off" the electric current in the service wire but did not "cut off" the electric current in the transmission line. Sinclair thought that the Cooperative had "cut off" the electric current in the transmission line in such manner that none of the wires upon or over his property was carrying electric current. In this he erred, for it was only the service wire which was de-energized. Sinclair had not the right to require that the transmission line be de-energized, and he did not request that the Cooperative de-energize the same. Neither had he ever been informed by anyone connected with the Cooperative that the transmission line had been de-energized. Belief that the transmission line was "dead" was based upon a mere erroneous conclusion and assumption by Sinclair. It is immaterial here whether Sinclair was negligent in connection therewith.

The Cooperative did not know and was not "on notice" that Sinclair was erecting or would erect a barn under its transmission line.

Laboring under the aforementioned mistaken assumption that the transmission line was de-energized above the place for construction activity, Sinclair informed the plaintiff through the medium of oral communication that the electric power had been "cut off" and that the presence of the line proximate to the area, in which plaintiff's performance of work required his presence, constituted no hazard. Acting upon such oral communication and representation, the plaintiff caused and allowed his head and body to come in contact with the energized wire and the "ground wire".

In the submission of the case to the jury the trial court, over plaintiff's objection, submitted Special Issue No. 17, reading as follows: "Do you find from a preponderance of the evidence that with the barn in question being erected under the line in question that the statement, if any, made by Harper Sinclair to or in the presence of Plaintiff, Roy L. Bruce, that the line in question was dead, was not the sole cause of plaintiff's injuries, if any?" The jury's answer was: "It was the sole cause."

Plaintiff's objection to the submission of Special Issue No. 17 included the complaint that the inquiry was upon whether a mere statement constituted the "sole cause", and that the statement standing alone, under the evidence, could not have constituted the sole cause of plaintiff's injuries and was not an ultimate issue. We agree. Obviously it was action taken by *the plaintiff in reliance upon the erroneous* or mistaken representation of Sinclair which resulted in the injuries he sustained. *The nature of the inquiry would not permit* any implied finding by the court curative of the defect or deficiency in the special issue under provisions of Texas Rules of Civil Procedure, rule 279, "Submission of Issues". Therefore the jury's finding in answer to Special Issue No. 17 may not be considered as providing support for the judgment. We have no doubt, however, but that the jury's answer to the special issue did reflect the jury's belief and finding that Sinclair did state that the line was de-energized.

Nevertheless we are of the opinion that there is adequate support for the judgment in other respects, both under the law and in view of the verdict of the jury aside from its answer to the issue on "sole cause".

The court defined the term "unavoidable accident" to mean an injury which was not proximately caused by the negligence of the plaintiff or of the Cooperative, its agents, servants and employees. There was no objection to the definition.

Neither was there any objection to the unavoidable accident issue. In answer thereto the jury found that plaintiff's injuries were the result of an unavoidable accident.

The jury found that the Cooperative was not negligent in failing to cut off the power from the distribution line (hereinabove spoken of as the transmission line); the failure of the Cooperative to maintain its distribution lines at a height of at least 22 feet above the ground across the property of Harper Sinclair at the place where the barn was being constructed was not a proximate cause of plaintiff's injuries; and that though the Cooperative failed to maintain its distribution lines at a height that was reasonable and prudent under the conditions then existing, such failure was not negligence. The answers were to issues submitting plaintiff's theory of recovery. Plaintiff did not object to any of the special issues in reply to which the jury made the foregoing findings, nor to any definition of a legal term important to be considered in connection therewith.

■ Plaintiff, by its point of error No. 5, contends that the trial court erred in overruling his motion to instruct the jury upon the law relative to the minimum height for clearance of power lines across open fields and pastures, after the jury had sent written questions to the judge of the court during its deliberations. It is noted that the parties to the litigation differ upon the applicable law in the respect mentioned, particularly as applied to the statutes regulating the Cooperative. We think this of no consequence in the instant case, it being noted that the jury deemed the failure of the Cooperative to maintain its lines at a reasonable and prudent height (a fact it did find) not to have amounted to negligence under the circumstances of the case, and further, that the jury did not deem the failure on the part of the Cooperative to maintain its lines at a height of 22 feet above the ground to have amounted to a proximate cause of the plaintiff's injuries.

The jury sent in two notes. The first read: "Question: Re: Special Issue No. 4. Why was 22 feet established as a minimum height for the wire clearance under conditions existing on May 15, 1961? Cleve B. Waddell, Foreman." The court answered as follows: "Ladies and Gentlemen of the Jury: I am sorry I cannot answer your question. Please go by the charge. Please return this note when you are finished with your deliberations." The second note read: "Question: Is there in evidence a specified required height for power distribution lines across open fields or pastures?" The court answered as follows: "Ladies and Gentlemen of the Jury: If you are in dispute as to the evidence of any given witness, if you will specify the witness and the portion of the testimony that is in dispute, the Court Reporter will read the part specified to you."

Under plaintiff's own theory of applicable law the minimum height of the lines in question should have been at least 22 feet above the ground. The jury refused to find that the Cooperative's maintenance of the lines at a height which was lower than this amounted to a proximate cause of plaintiff's injuries. In another part of the charge the jury refused to find the Cooperative guilty of negligence under the circumstances existent in maintaining its lines at whatever was the height the jury found them to be. Even assuming negligence, the plaintiff was charged with the burden of not only proving that the Cooperative's act, or omission to act, amounted to a proximate cause of his injuries, but further, was charged with the burden of persuading the jury to so find. The jury refused to make the finding. The point of error is overruled.

The remaining points of error present the contention that "but for" the court's erroneous submission of Special Issue No. 17 upon the question of "sole cause" the jury would "in all probability" have found the Cooperative guilty of negligence amounting to proximate cause of the plaintiff's injuries in answering other issues. Plaintiff's counsel argues that with the jury having erroneously considered the "sole cause" issue, and having answered it in the affirmative and under the court's

instruction that there could be only one "sole cause", it felt obliged to answer the other issues submitting the plaintiff's theory against plaintiff's contentions. Essentially, we consider the argument to be that T.R. C.P. 434, "If Judgment Reversed", has application to the situation and that the court's erroneous submission of Special Issue No. 17 was reasonably calculated to cause and probably did cause the jury to return a verdict other than that it would have returned but for the error.

We overrule the contention. In the first place we do not know but that Special Issue No. 17 was the last answered of the special issues. Certainly, we do not know that the jury ever considered the matter of comformity in the answers it returned. The plaintiff has not exhibited any reversible error.

Although we have at an earlier point stated that the "sole cause" issue was erroneous, we should not be understood as having held that the issue of "sole cause" or "sole proximate cause" was not in the case. Indeed, our opinion is to the contrary. It was the non-negligent action taken by the plaintiff in justifiable reliance upon the erroneous representation of Harper Sinclair which was probably the "sole cause" of the accident and resultant injuries. We have little doubt but that the jury so believed, and thought they were so finding by their answer to Special Issue No. 17. See Hodges on Special Issue Submission in Texas, pp. 52 & 58, "Inferential Rebuttal Issues", § 19, "Common Issues in Tort Cases", and § 22, "Sole Proximate Cause".

There is an additional reason why we believe that the defendant's judgment in this case should be affirmed. It is to be remembered that the Cooperative did not know and was not charged with knowledge that Sinclair would attempt to build a barn under its lines, incident to the construction of which workmen would necessarily go upon it to work on the roof. Though the danger in the maintenance of the Cooperative's lines at a height which constituted negligence on its part might properly be found to have been the proximate cause of injury to some person or damage to property under other circumstances, it does not follow that it could be properly found under the circumstances of this case.

From the standpoint of the Cooperative the erection of a barn under its transmission line was not foreseeable. A prior and remote cause cannot be made the basis for an action for damages if it does nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if the injury is the result of some other cause which reasonable minds would not have anticipated, even though the injuries would not have happened but for such condition. Even assuming negligence on the part of the Cooperative in every respect charged by the plaintiff, we think that the proximate cause of the injuries was plaintiff's nonnegligent contact with the Cooperative's lines, caused and occasioned by reason of the erroneous representation made by Sinclair that they were not energized or charged with electricity.

The active cause of plaintiff's injuries was wholly independent of the negligence, if any, of the Cooperative, and wholly disconnected therefrom. Under the circumstances of the case we believe that the Cooperative's negligence, if any, should be properly treated as a prior and remote cause of the injuries. See Panhandle &. S. F. Ry. Co. v. Sledge, 1930 (Tex.Civ. App., Amarillo), 31 S.W.2d 146, affirmed (Tex.Com.App.) at 45 S.W.2d 1112, and the other authorities discussed in the opinion of the Amarillo Court.

Judgment affirmed.