**Paul R. NEAL, Appellant,**

v.

**LYKES BROS. STEAMSHIP COMPANY, Inc., Appellee.**

**No. 19413.**

United States Court of Appeals
Fifth Circuit.

June 28, 1962.

Rehearing Denied Sept. 17, 1962.

W. Jiles Roberts, Houston, Tex., for appellant.

Mayo J. Thompson, Houston, Tex., Royston, Rayzor & Cook, Mayo J. Thompson, Gus A. Schill, Jr., Houston, Tex., of counsel, for appellee.

Before HUTCHESON, RIVES and BELL, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal by the plaintiff from a verdict and judgment against him in a suit for damages for personal injuries.

The complaint filed by the appellant contained allegations predicating liabili-

ty on the negligence of the shipowner and the unseaworthiness of the S. S. Virginia Lykes, or both. These allegations were denied in the answer filed by the appellee. Additionally, affirmative defenses of contributory negligence of the appellant, negligence of his fellow workers, negligence of the appellant's employer and unavoidable accident were pleaded.

Prior to the presentation of evidence, the attorney for the appellant, stating in open court that the ground of negligence for imposing liability was waived and abandoned, and that the appellant's cause of action would rest solely on the alleged unseaworthiness of the S. S. Virginia Lykes, moved the court to strike out the negligence defenses. The record, however, does not show what action was taken on these motions.

The plaintiff, a longshoreman, was injured on March 7, 1957, while in the employ of Southern Stevedoring Co., an independent stevedoring contractor, which was working on board the Steamship Virginia Lykes, discharging a cargo of steel. At the time of the injury, the longshoremen were discharging this cargo from the No. 3 hold.

Just prior to appellant's being injured, a load of steel had been lifted from the hold by utilizing the winches at the No. 3 hatch. The cargo was being discharged into open gondola railroad cars. However, at the critical time in question, as no car was positioned to receive the cargo, one end of the load was lowered or rested on the inshore rail of the vessel adjacent to the No. 3 hatch. It remained in this position during the wait for another railroad car to be moved into position.

When a railroad car was moved into position, an attempt was made, utilizing the winches, to raise the load preparatory to transferring it into the waiting railroad car. However, the end of the load which was on the inshore rail of the vessel somehow had become entangled on a cleat on the rail. Without instructions from anyone, and more particularly without instructions from the foreman of the longshore gang, the appellant, one of the two winch operators, left his position at the after end of the No. 3 hatch and walked to the load on the rail. He attempted to free it by shaking the load with his hands. As this event was taking place, the gang foreman, S. T. Burroughs, ordered the appellant to move away from the load. While the appellant was walking in a normal manner to a place of safety, Burroughs without any further warning or indication of his intentions, having moved to a position between the two winches, operated either one or both of them. When he did this, the load came loose from the cleat on the rail, swung to the offshore side (toward the hatch) and struck the appellant, and he was pinned between the swinging load and hatch pontoons which were stowed on the inshore side of the hatch and parallel to the coaming. There was evidence in the record showing that this was a customary place to stow hatch pontoons.

Following the completion of the evidence in the case, special issues (interrogatories) were submitted to the jury, along with definitions and instructions.[1]

---

1. Among these instructions were:
"By the term 'negligence', as that term is used in this charge, is meant the failure to do that which a person of ordinary prudence, in the exercise of ordinary care, would have done under the same or similar circumstances; or the doing of that which a person of ordinary prudence, in the exercise of ordinary care, would not have done under the same or similar circumstances.
"By the term 'Ordinary care', as used in this charge, is meant that degree of care which a person of ordinary prudence would have exercised under the same or similar circumstances.
"By the term 'proximate cause', as herein used, is meant that cause which in a natural and continuous sequence, unbroken by any new or independent cause, produces an event and without which the event would not have occurred. And to be a proximate cause of an event it should have been reasonably anticipated and foreseen by a person of ordinary prudence in the exercise of ordinary care that the event, or some similar event, would result from such cause as a natural and probable

After due deliberation, the jury brought in its verdict by answering the special issues submitted by the Court.[2] The trial judge entered judgment on the verdict that plaintiff take nothing, and this appeal followed.

Appellant is here presenting claims of error with respect to the charge and issues submitted and refused by the trial court. No substantial claim is made or could be made that the verdict was not in accord with the evidence. Indeed, while there was considerable evidence on the crucial issues, it was all one way, and examination of the specifications in the light of the record as a whole leaves us with the firm conviction that none of the specifications present reversible error.

Appellee, on its part, insists that if any error was committed by the trial court, it was the error of submitting any issues, instructions, or definitions on the question of unseaworthiness, and further contends that if there was any formal error in submitting any of the issues of which appellant complains, it was not substantial or prejudicial error, because the evidence established, as matter of law, that the vessel was not unseaworthy, and this both required the court to instruct a verdict as requested

and constituted a complete bar to a verdict for plaintiff.

As appellant argues his case, it is generally centered on these two complaints: First, that the court erred in submitting to the jury interrogatories as to whether there was negligence of longshoremen, servants of appellant's employer; Second, that the issue of unavoidable accident should not have been submitted.

As appellee well states in its brief, there can, of course, be no dispute that a shipowner is not liable for the negligence of longshoremen acting as servants or employees of an independent stevedoring contractor, unless such negligence creates an unseaworthy condition. Appellee was entitled to affirmatively plead, prove, and thereafter have special issues submitted concerning this defense of the negligence of the winch operator as a means of determining the true proximate cause of the accident. Interrogatories to the jury as to whether appellant's injury resulted from his own negligence or the negligence of his fellow workers, and the answers of the jury that the injury did not result from plaintiff's own negligence and that it was the negligence of the gang foreman which was the sole proximate cause of

---

consequence. There may be more than one proximate cause of an event. * * *

"By the term 'unseaworthiness', as used herein, is meant that the defendant is under a duty to furnish plaintiff a seaworthy vessel, and that while this duty cannot be delegated, it is only a duty to furnish a vessel and appurtenances reasonably fit for their intended use. The defendant does not have to guarantee the safety of the longshoremen. The standard is not perfection, but reasonable fitness; not a ship that will weather every conceivable storm or withstand every imaginable peril of the sea, but a vessel reasonably suitable for her intended service.

"You are instructed that should you find that the plaintiff, · Paul R. Neal's injury resulted from his own negligence or the negligence of his fellow workers, the defendant, Lykes Bros. Steamship Co., Inc., is not responsible, *unless said negligence, if any, created an unseaworthy condition on board the S.S. Virginia Lykes, and unless such unseaworthiness*

*if any, was a proximate cause of the plaintiff's injury.* (Emphasis added).

"By the term 'proximate cause' as herein used, is meant that cause which in a natural and continuous sequence, unbroken by any new or independent cause, produces an event and without which the event would not have occurred. There may be more than one proximate cause of an event. * * * *"

2. A recapitulation of the verdict is as follows:

(1) The S.S. Virginia Lykes was not unseaworthy;

(2) Gang foreman Burroughs operated a winch in a negligent manner and chose an unsafe practice in freeing the load of steel from the cleat· on the vessel's inshore rail; such negligence was not only a proximate cause of the plaintiff's injury, but was the sole proximate cause;

(3) The plaintiff was not negligent;

(4) The injury of the plaintiff was the result of an unavoidable accident.

the injury, were entirely proper on the record, and they fully supported the judgment against plaintiff. Cf. Billeci v. United States (9 Cir.1962), 298 F.2d 703.

█ Appellee further insists that both the interrogatory to the jury, Special Issue No. 26, inquiring whether plaintiff's injuries were the result of unavoidable accident, and the answers of the jury, in the light of the court's definition, that unavoidable accident was something that did not result from negligence of the plaintiff or unseaworthiness, were entirely correct, and that, if the interrogatory was incorrectly submitted, no reversible error is shown. We agree.

While it may be conceded, as appellant claims, that unavoidable accident is not a defense to an action based on unseaworthiness, yet, since by their answer, in light of the court's definition, the jury found only that the plaintiff himself was not negligent, which they had specifically found in response to another interrogatory, and that unseaworthiness of the vessel was not a cause of the injury, it is clear that there was no reversible error in submitting the issue in the way in which it was submitted.[3]

█ We agree also with appellee's further insistence that there is no merit in appellant's claim (1) that the manner in which the case was submitted was calculated to confuse the jury, and (2) that, in view of the fact that plaintiff had withdrawn his claims of negligence and had gone to the jury entirely on claims of unseaworthiness, it was reversible error to submit the issues on the negligence of the longshoremen and on unavoidable accident. Indeed we think that plaintiff-appellant's position that the interrogatories asked and definitions given by the judge were so erroneous as to require reversal, is wholly untenable. These interrogatories with their definitions were submitted to the jury in the quest for an answer to what was the proximate cause of the injury, and there is no evidence that anything in any of the issues had any tendency to confuse or becloud the real issues in the case.

It seems clear to us, from a reading of the briefs and the record, that appellant is entirely overlooking the fact that the controlling issues in this case were whether there was unseaworthiness of the vessel and whether this was the proximate cause of plaintiff's injury. In the light of the paramount requirement that in order to recover, plaintiff must have shown unseaworthiness and that it was a proximate cause, it is quite plain, we think, that the inquiry of the jury as to whether there was negligence on the part of the gang foreman and whether this negligence was the sole proximate cause of plaintiff's injury, and the answers of the jury, that there was such negligence and *that it was the sole proximate cause* of the injury, were not erroneous, and that they establish that plaintiff was not entitled to a verdict.

The same thing is true of the inquiry about unavoidable accident. Taken in connection with the definition the court gave, it could not have prejudiced plaintiff's case with the jury since the jury, in answer to the interrogatory, while finding the plaintiff was not negligent, also found that the ship was not unseaworthy.

It will not avail appellant to argue that, even though the sole proximate cause of plaintiff's injury may have been the negligence of the fellow employees or superior employees, as known in negligence law, nevertheless it would not constitute a defense since the negligence or lack of negligence on the part of plaintiff's fellow employees is not determinative of the issue of unseaworthiness and the liability flowing therefrom. While this argument might be a sound one if the jury had not found that the negligence of the gang foreman was the sole proximate cause of the injury, taken with this finding, there can be no escape from the conclusion that, on the record, the

3. In light of the definition, moreover, this finding cannot be said to present an irreconcilable conflict with the finding that the negligence of the gang foreman was the sole proximate cause of the injury.

verdict was completely and correctly determinative of plaintiff's right to recover.

Careful consideration of the instructions and interrogatories submitted and refused by the court, in the light of the attacks upon them and of the jury verdict, makes it entirely clear, we think, that appellee has shown no reversible error and that the judgment was right and must be

Affirmed.