**Lincoln ARCENEAUX, Plaintiff,**

v.

**ALCOA STEAMSHIP COMPANY, Inc.,
Defendant.**

**Civ. A. No. 14086, Division D.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 1, 1964.

Frank S. Bruno, New Orleans, La., for plaintiff.

Terriberry, Rault, Carroll, Yancey & Farrell, Francis Emmett, New Orleans, La., for defendant.

AINSWORTH, District Judge.

Plaintiff, a longshoreman, was injured aboard the SS ALCOA RANGER at New Orleans while working with three other longshoremen in loading a cargo of rolls of paper on the vessel. These rolls weighed about 100 to 150 pounds, were about 4 feet long and approximately 1½ to 2 feet in diameter. They were lowered into the hold of the vessel with about 20 to 30 rolls to a pallet. Plaintiff and the other longshoremen formed a line on the deck of the ship and passed the rolls by hand from one man to the next. Plaintiff, the last man in the line, was stowing the rolls when a roll was dropped on his right foot by the longshoreman next to him. In his suit plaintiff avers that there was no dunnage placed on the deck on which the paper might be rolled into place by the longshoremen. A heavy waterproof paper had been placed on the deck to protect the cargo. The loading and stowage of the cargo were entirely under the control of the stevedore, Atlantic and Gulf Stevedores.

It is well settled that the shipowner is not liable for injuries to longshoremen when the work being done is under the control of a stevedore and the cause of the injury is the negligence of a fellow employee or the manner in which the work is done. In this instance the longshoreman's exclusive remedy is under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. "[A] shipowner is not liable for the negligence of longshoremen acting as servants or employees of an independent stevedoring contractor, unless such negligence creates an unseaworthy condition." Neal v. Lykes Bros. Steamship Company, 5 Cir., 1962, 306 F.2d 313.[1] Under the circumstances we

1. McQuiston v. Freighters and Tankers Steamship Co., E.D.La., 1963, 217 F. Supp. 701; Davis v. SS Rikke Skou and Ove Skou Shipping Co., Adm. No. 5223, E.D.La., aff'd 325 F.2d 432, 5 Cir., 1963.

**560**

hold that the ALCOA RANGER was not unseaworthy and nothing aboard the vessel, of its equipment, gear or appurtenances, caused the injury. The cause of the injury was the act of a fellow employee for which the defendant vessel owner is not liable. See Thomas v. Java Pacific Lines (Royal Rotterdam Lloyd), E.D.La., 1962, 212 F.Supp. 85.

There is no dispute as to a material fact and defendant is entitled to summary judgment as a matter of law; therefore, summary judgment is granted pursuant to Rule 56, Federal Rules of Civil Procedure, and plaintiff's suit is dismissed.