**LUCKENBACH OVERSEAS CORPORA-TION and Isthmian Lines, Inc., Appellants,**

v.

**Joseph Charles USNER, Appellee.**

**No. 25344.**

United States Court of Appeals
Fifth Circuit.

July 3, 1969.

Charles Kohlmeyer, Jr., Benjamin W. Yancey, M. D. Yager, New Orleans, La., for appellants.

Evangeline Vavrick, H. Alva Brumfield, H. Alva Brumfield, III, New Orleans, La., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and SINGLETON, District Judge.

SIMPSON, Circuit Judge:

This is an interlocutory appeal from an order denying appellants' motion for

summary judgment on a claim based on negligence and unseaworthiness by a longshoreman against appellants as owner and charterer of the S/S EDGAR F. LUCKENBACH. The denial of the motion turned upon a controlling question of law as to which there was substantial ground for difference of opinion, i. e., the validity of the doctrine of operational negligence as a defense to an unseaworthiness action. The district judge certified the question as one appropriate for interlocutory appeal under Title 28, U.S.C., § 1292(b). Upon the district court's certification, this Court allowed the interlocutory appeal.

The sole issue is whether a ship is rendered unseaworthy as a result of the instantaneous negligence of stevedores, this negligence resulting in the injury of another stevedore, when all the equipment and appurtenances aboard the ship are admittedly in a seaworthy condition.

The facts are undisputed. T. Smith & Son, Inc., an independent contract stevedore, was employed to load the appellants' ship with cargo of steel rods approximately 50 feet in length. Slings, secured to booms, were being used to carry bundles of rods from the pier onto the vessel. The slings were lowered into place by the booms, and were attached to the bundles of rods. On the day the plaintiff was injured, the loading operation had proceeded for some time, until on one occasion when the plaintiff was preparing to affix the sling to the rods, he noticed that the lowered sling was just out of his reach. The plaintiff motioned to the flagman to direct the winch operator to lower the slings further. The winch operator then proceeded to lower the slings, but he lowered them too far causing them to strike the plaintiff, knocking him down onto the barge, causing him injury. Neither before nor after the accident was any trouble experienced with the winch booms, slings, or any other equipment; nor is there any

contention that the winches were operated in a systematically negligent manner that would constitute unseaworthiness. The only way in which the vessel could be said to be unseaworthy would be if this one instance of operational negligence on the part of the stevedore operating the winch could be said to constitute unseaworthiness.

The uncertainty and confusion in this area of the law has resulted from the Supreme Court's per curiam opinion in Mascuilli v. United States, 387 U.S. 237, 87 S.Ct. 1705, 18 L.Ed.2d 743, decided on May 22, 1967. In its per curiam opinion, the Supreme Court granted certiorari and reversed the judgment of the Third Circuit, citing only two cases: Crumady v. Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959), and Mahnich v. Southern S.S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944).

The district court had held in *Mascuilli*, among other things, that the stevedores had only been instantaneously negligent in handling seaworthy equipment; therefore, the vessel could not be said to be unseaworthy. Mascuilli v. United States, D.C.E.D.Pa.1965, 241 F.Supp. 354, aff'd per curiam, 358 F.2d 133.

The question, then, is whether *Mascuilli* abolished the defense of operational negligence in an action for unseaworthiness. If so, the plaintiff-appellee in the instant case may recover, but if not, recovery is clearly barred since there is no other evidence which would support a finding of unseaworthiness.

Prior to *Mascuilli*, this Court had held in *Antoine* and *Robichaux*,[1] that operational negligence at the moment of injury did not render the vessel unseaworthy. *Mascuilli* raised serious doubt as to the continuing vitality of this holding. That doubt, at least for this Circuit, has been dispelled. "Instant unseaworthiness" resulting from "operational negligence" of the stevedoring

---

[1] Antoine v. Lake Charles Stevedores, Inc., 5 Cir. 1967, 376 F.2d 443, cert. denied, 389 U.S. 869, 88 S.Ct. 145, 19 L.Ed.2d 146; Robichaux v. Kerr McGee Oil Indus., Inc., 5 Cir. 1967, 376 F.2d 447.

contractor is not a basis for recovery by an injured longshoreman. The question is so resolved by our recent decision in Grigsby, etc. v. Coastal Marine Service of Texas, Inc., et al., 5 Cir. 1969, 412 F.2d 1011 [May 1, 1969]. See Part VI, pages 1029–1033.[2]

The district court, upon remand, is directed to grant appellants' motion for summary judgment.

Reversed and remanded.

---

**2.** See also Tim v. American President Lines, 9 Cir. 1969, 409 F.2d 385 [March 18, 1969].