**Macio DUNCAN, Plaintiff-Appellant,**

v.

**TRANSEASTERN SHIPPING CORPORATION, Defendant-Appellee.**

No. 26672.

United States Court of Appeals Fifth Circuit.

July 17, 1969.

John P. Dowling, New Orleans, La., for plaintiff-appellant.

Andrew T. Martinez, L. Howard Mc-Curdy, Jr., New Orleans, La., for defendant-appellee.

Before THORNBERRY and DYER, Circuit Judges, and FISHER, District Judge.

## PER CURIAM:

Appellant Duncan instituted this action seeking damages for injuries sustained by him during the course of his employment as a ship scaler on board appellee's ship. Duncan was working at the bottom of the hold where it was his duty to place debris scraped from the walls of the ship into buckets that were being lowered by hand from the main deck. He testified that the buckets could not be seen while making the descent due to inadequate lighting. Upon being struck by one of the buckets, Duncan complained to his foreman that the buckets were being lowered too fast. About twenty-five minutes later, he was again struck by one of the buckets, thereby sustaining the injuries complained of in this action.

■ The case went to the jury on the sole issue of unseaworthiness and appellee's denial thereof on the basis that the injuries were the result of operational negligence and/or appellant's own negligence. The jury found that the vessel was not unseaworthy, and Duncan brings this appeal alleging, first, that the district court erred in charging the jury that "operational negligence", the negligence of other employees occurring at the instant of the injury, does not constitute unseaworthiness. This contention is foreclosed by this Court's recent decision in Grigsby v. Coastal Marine Service of Texas, Inc., 5th Cir. 1969, 412 F.2d 1011, in which we adhered to our prior decisions in Antoine v. Lake Charles Stevedores, Inc., 5th Cir. 1967, 376 F.2d 443, cert. denied, 389 U.S. 869, 88 S.Ct. 145, 19 L.Ed.2d 146, and Robichaux v. Kerr McGee Oil Indus., Inc., 5th Cir. 1967, 376 F.2d 447. Under these decisions, "operational negligence * * * occurring at the moment of injury to a co-worker, does not render the vessel unseaworthy." Antoine v. Lake Charles Stevedores, Inc., *supra* 376 F.2d at 447.

■ Duncan argues secondly that he is nevertheless entitled to a new trial because the trial judge failed to adequately draw the distinction between operational negligence and unseaworthiness. Duncan argues two possible grounds for finding the vessel to be unseaworthy: first, that the lighting in the hold was inadequate, and second, that the repeated mishandling of the buckets in a negligent manner existed prior to the injury and constituted a "condition". As for the lighting, the charge clearly was sufficient to properly submit this theory to the jury.[1] This issue, we recognize, does not fall under the "operational negligence" rule; but the charge did not place it there. The judge further charged that the negligence of other employees must have occurred "only a short time before the injury" or must have existed "only for a brief moment" in order to render the vessel unseaworthy. In setting forth illustrative examples in an-

---

1. The district court charged: "This warranty extends to, and covers the vessel's hull, gear, appliances, machinery and equipment; it also covers the various working conditions and areas aboard the vessel; it requires them to be reasonably safe for the purpose or use they are put to."

swer to an inquiry made by the jury, the district judge stated:

> Finally, if you find that a *continuous pattern* of handling paint scrapers had existed for some time in which paint scrapers were being thrown around carelessly creating an unsafe place to work, you might find that the *course of conduct* made the vessel unseaworthy. (Emphasis added).

Read as a whole, the charge adequately presented the distinction between unseaworthiness and operational negligence.

The judgment of the district court is therefore

Affirmed.