Mose **REED**, Appellant,

v.

**MV FOYLEBANK, her engines, tackle, apparel, and furniture, and Bank Lines Limited, and Strachan Shipping Company, Appellees.**

**No. 24488.**

United States Court of Appeals
Fifth Circuit.

Aug. 29, 1969.

James A. Wysocki, New Orleans, La., for appellant.

J. Dwight LeBlanc, Jr., New Orleans, La., Stuart A. McClendon, Metairie, La., for appellees.

Before AINSWORTH and SIMPSON, Circuit Judges, and SINGLETON, District Judge.

SIMPSON, Circuit Judge:

On the morning of October 16, 1962, appellant and four other longshoremen were loading crates of pulpboard aboard the M/V Foylebank.[1] Each crate weighed approximately 1100 pounds and was encircled by seven steel bands. The crate in issue was marked with the notation "USE NO HOOKS". The crew was not furnished with any mechanical devices or other implements such as a fork lift truck, crow bars, "greasy pigs,"[2] rollers, pry bars or jacks, to move the crates; the longshoremen had only their hand hooks to assist in the movement. The crates were lowered into the hold by winch and cargo boom and were then to be moved to the wings by the longshoring crew.

One of the crates had been loaded and the five-man stevedoring crew was in the process of placing the second one. Mose Reed placed his hand hook behind one of the steel bands and was pulling the crate into place. The steel strap suddenly broke and appellant stumbled backwards, striking his back on the crate that had already been secured. His injuries were serious and painful but need not be further discussed in view of the result below and here.

Appellant brought libel in rem against the vessel and in personam against the owner, Bank Lines, Limited (Vessel). Vessel impleaded Strachan Shipping Company (Stevedore), appellant's employer.[3] The district court dismissed the libel with prejudice, and of course likewise dismissed Vessel's indemnification suit against Stevedore.[4] The district court found that there was no proof of unseaworthiness of the vessel or the cargo. Reed is here on appeal from this decree. We affirm the district court.

The first issue before us is whether the operationally negligent acts of Stevedore and the appellant rendered the vessel unseaworthy.

The district court held that the use of hand hooks and the failure to use mechanical devices was "operational negligence" by Stevedore, but that this was insufficient to render the vessel unseaworthy. We concur in this holding. In the instant case the shipowner was not negligent with respect to any duty it owed the appellant. The ship, its equipment and appurtenances were in seaworthy condition, the crew was fit and the method of loading adequate.

Although the loading job could have been done with a fork lift or made easier by using other implements, the failure to provide these things did not render the vessel unseaworthy. The appellant could have used one of the available wooden corners on the crate as was the usual custom.[5] Moreover, according to the testimony of one of the witnesses, it was not an uncommon practice in the Port of New Orleans for crates much heavier than the one involved here, up to 3000 pounds, to be moved by hand.

The sole proximate cause of appellant's injury was his own negligent use of the hand hook behind the steel band. The district court found that the appellant was an experienced longshoreman using his hand hook on a crate

---

1. The Foylebank was owned by Bank Lines, Ltd. of London, England, and was moored in the harbor of New Orleans.

2. "Greasy pigs" are greased boards placed under cargo to facilitate ease in movement.

3. Seeking indemnification under Rule 56 of the former Supreme Court Admiralty Rules, now superseded by Rule 14(c) of the revised F.R.Civ.P., effective July 1, 1966. Vessel impleaded Strachan July 18, 1963.

4. The dismissal as to Strachan carried with it an award (for breach of warranty of the implied contract to perform its duties in a workmanlike manner) for costs, necessary disbursements in defending Reed's claim and for attorneys' fees. Strachan has not appealed.

5. The other longshoremen attempting to move the crate placed their hand hooks in wooden corners of the crate frame and not behind a steel band as did Mose Reed.

which had a "USE NO HOOKS" notation stamped on its side. Appellant was the only one to use his hook on the steel band. Furthermore, while pulling on the steel band he assumed an improper stance.

In another attempt to have the vessel declared unseaworthy, the appellant argues that the steel band was defective and/or inadequate. Since the record discloses no evidence of a defect in the band the trial judge correctly ruled against Reed on this issue.[6]

In reviewing the judgment of a district court sitting without a jury in admiralty, we are bound by Rule 52(a), F.R.Civ.P., the "clearly erroneous" rule. We may not set aside factual findings if they have support in the evidence and are not clearly erroneous. We conclude that this standard will not permit setting aside the trial court's determination that the proximate cause of appellant's injury was his negligence and that the steel band was not shown to be defective. We further conclude that neither the non-use of mechanical devices nor the improper loading method used by appellant rendered the vessel unseaworthy.

■ The second issue is whether the operational negligence, i. e. improper loading plan, of Stevedore and appellant is synonymous with unseaworthiness. If so, operational negligence as a defense to unseaworthiness would be abolished. Moreover, any operational negligence would instantaneously render a vessel unseaworthy even though all the equipment and appurtenances aboard the ship were admittedly seaworthy. This question is decided against appellant in this Circuit. Grigsby v. Coastal Marine Service of Texas, Inc., 5 Cir. 1969, 412 F.2d 1011 [No. 22451, May 1, 1969], Part VI, pp. 1032–1033; Luckenbach Overseas Corporation and Isthmian Lines, Inc. v. Usner, 5 Cir. 1969, 413 F.2d 984 [No. 25344, July 3, 1969] pp. 985–986; and Duncan v. Transeastern Shipping Corporation, 5 Cir. 1969, 413 F.2d 1023 [No. 26672, July 17, 1969] p. 1024.[7]

■ Finally, appellant contends that the negligence of the stevedore in adopting an improper loading method should be attributed to the shipowner through the doctrine of respondeat superior. In Neal v. Lykes Bros. Steamship Company, 5 Cir. 1962, 306 F.2d 313, this Circuit held that "a shipowner is not liable for the negligence of the longshoremen acting as servants or employees of an independent stevedoring contractor, unless such negligence creates an unseaworthy condition". Since we concur in the trial court's finding of no unseaworthiness, there was no negligence on the part of Stevedore to impute to the shipowner and, thus, this contention must fail.

We hold that the operational negligence of Stevedore and Reed did not render the vessel unseaworthy. The judgment of the district court is

Affirmed.

6. Actually the band was lost or misplaced and never tested.

7. Prior to our recent holdings in this area, there was considerable doubt as to the distinction, if any, between "operational negligence" and unseaworthiness. This, of course, raised doubt as to "operational negligence" as a defense for unseaworthiness. The doubt was caused by the per curiam opinion of the Supreme Court in Mascuilli v. United States, 387 U.S. 237, 87 S.Ct. 1705, 18 L.Ed.2d 743 (1967). The cryptic citation of Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959) and Mahnich v. Southern S.S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944), in the Court's reversal of Mascuilli was the main reliance of appellant's counsel on this appeal. This reliance has now proved misplaced. See Grigsby, supra, Luckenbach, supra, and Duncan, supra.