**Wendell N. DEBOSE, Plaintiff-Appellant,**

v.

**The MS LOPPERSUM, etc., et al.,
Defendants-Appellees.**

**No. 30300.**

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 1971.

Garrett & Carl, Clifton S. Carl, New Orleans, La., for plaintiff-appellant.

Eldon T. Harvey, III, Christopher Tompkins, Bert M. Cass, Jr., New Orleans, La., for defendants-appellees.

Before CLARK, Associate Justice,\* and GEWIN and RONEY, Circuit Judges.

PER CURIAM:

The plaintiff-appellant sued the ship and her owner claiming damages for personal injuries alleged to have been sustained while he was working as a longshoreman aboard the ship in the Port of New Orleans. The complaint charged negligence and unseaworthiness. The district court entered findings of fact and conclusions of law and rendered judgment for the ship and the owner. We affirm.

While the plaintiff and others were loading bundles of lumber aboard the ship, difficulty was experienced in the placement of one of the last bundles. The plaintiff elected to go beneath the deck to guide the bundle into place and he contends that while he was "guiding" the lumber he injured his back. The district court found from the evidence that the equipment involved was reasonably fit for use in stowage of the cargo in question and that the method of stowage was reasonably safe. The court further found that the plaintiff's election to go beneath deck was his own decision and was not ordered or recommended by the vessel owners or the stevedoring company for which he worked. Giving

---

I. *White* was reargued before the Supreme Court on October 20, 1970.

\* Associate Justice United States Supreme Court (Ret.), sitting by designation.

643

full consideration to all of the facts, it was decided that the plaintiff had failed to prove by a preponderance of the evidence that the defendants did not furnish the plaintiff a seaworthy vessel nor did the plaintiff show that his injury was caused by any negligence attributable to the defendants or by an unseaworthy condition. The court concluded, therefore, that the injury to the plaintiff was "the result of his own actions and not of any unseaworthy condition, insufficient personnel or equipment, or improper or reasonably unsafe method or negligence on the part of anyone except himself."

Our review of the record and the contentions of the parties convinces us that the trial court did not commit error. Usner v. Luckenbach, 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971); Santiny v. Coastal Boat Operators, Inc., 438 F.2d 976 (5th Cir. 1971); Reed v. MV Foylebank, 415 F.2d 838 (5th Cir. 1969).

Judgment affirmed.