**Louis SANTINY, Plaintiff-Appellant,**

v.

**COASTAL BOAT OPERATORS, INC., and Insurance Company of North America, Defendants-Appellees.**

No. 27986

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1971.

Robert L. Morris, Philip E. Henderson, O'Neal, Waltz & Henderson, Houma, for plaintiff-appellant.

George B. Matthews, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for defendants-appellees.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Louis Santiny sought recovery under the Jones Act and maritime law for injuries sustained while in the employ of Coastal Boat Operators, Inc., aboard the M/V LENA C. While Santiny was attempting to free a mooring line of the LENA C his legs became caught in the line hurtling him overboard. Interrogatories were submitted to the jury as to whether the employer was negligent and whether the vessel was unseaworthy. The jury's verdict was negative in response to both questions.

■ Santiny importunes us to construe the summary disposition of Mascuilli v. United States, 1967, 387 U.S. 237, 87 S.Ct. 1705, 18 L.Ed.2d 743, as holding that operational negligence occurring simultaneously with an injury renders a vessel unseaworthy. We need not further explicate this court's unabashed rejection of appellant's reading of *Mascuilli*, Reed v. M/V Foylebank, 5 Cir. 1969, 415 F.2d 838; Duncan v. Transeastern Shipping Corp., 5 Cir. 1969, 413 F.2d 1023; Grigsby v. Coastal Marine Service of Texas, Inc., 5 Cir. 1969, 412 F.2d 1011, since the Supreme Court has recently and unequivocally adopted a like position. Usner v. Luckenbach, 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (January 25, 1971).

Appellant further argues that even if the court's charge concerning unseaworthiness was correct, the case should still be remanded for a new trial because the charge concerning negligence was defective. We have carefully read the

* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

court's charge and find its words to the jury regarding the issue of negligence as distinguished from unseaworthiness both luminous and correct. The decision of the court below is

Affirmed.