## GLADDEN v. SIDARMA ASSOCIETA ITALIANA, et al.
### No. 190032.
#### Circuit Court, Hillsborough County.
### June 21, 1971.

Roger Vaughan of Wagner, Cunningham & Vaughan, Tampa, for the plaintiff.

Brendan P. O'Sullivan of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for Sidarma Associeta Italiana.

David J. Kadyk of Macfarlane, Ferguson, Allison & Kelly, Tampa, for Independent Stevedoring Co.

ROBERT W. PATTON, Circuit Judge.

The above entitled cause came on to be heard before this court on May 19th, 1971 upon the motion of the defendant/third party plaintiff, Sidarma Societa Italiana Di Armamento, a foreign corporation (hereinafter referred to as "Sidarma") for summary judgment against the plaintiff, Roosevelt Gladden, and against the third party defendant, Independent Stevedoring Company (hereinafter referred to as "Independent") and upon the plaintiff's motion for summary judgment against the defendant Sidarma.

The court heard the arguments of counsel relative to the above mentioned motions and has considered the pleadings, depositions and the brief of Mr. O'Sullivan representing Sidarma, filed in support of his motions.

The facts are set forth in considerable detail in the brief of Mr. O'Sullivan, and the following summation is sufficient for the purpose of this order. The plaintiff, on or about December 30th, 1969, was employed as a longshoreman by Independent and in the course of such employment was engaged with other employees of Independent in loading bales of wood pulp in the hold of the *Lazzaro Moceniga*, a ship owned and operated by Sidarma. Independent was then engaged in the stevedoring business and had been employed by Sidarma to load its ship which was then in port at Tampa. The bales of wood pulp were placed one layer on top of another in the hold of the ship, and as a means of protecting the longshoremen during the loading operation, Independent furnished a safety net which was to be placed alongside the bales as they were being loaded. The net in question was approximately sixty feet in length and eight to ten feet in width, being approximately as long as the beam of the ship. Loading operations had started in the

morning while the plaintiff was working on deck, but after the lunch hour he was assigned to help with the loading of the bales. The net had been adjusted from time to time during the afternoon by fellow workmen of plaintiff as the bales became higher and higher in the hold, but plaintiff had not been engaged in such adjustment.

Shortly before the accident which is the subject matter of this action, the bales had apparently reached maximum elevation in the particular hold in which loading operations had been proceeding, and the foreman of the gang in which plaintiff was working ordered plaintiff and a fellow employee to take down the net. Plaintiff was on top of the bales at one end and the other employee was at the other end. Plaintiff unfastened the top rope or wire securing the net on his end, and then when he attempted to unfasten the bottom rope or wire securing the net on his end, the whole net gave way and plaintiff fell to the bottom of the hold and was injured. Plaintiff stated that the bottom rope or wire on his end of the net had not been properly tied or fastened to the structure of the ship and that when the top rope or wire had been unfastened there was nothing left to hold that end of the net.

The depositions show without contradiction that the net in question was the property of Independent, and that the use of such a net by stevedores in the loading and unloading of ships is standard operating procedure. It also appears from the depositions that it is customary for stevedores to furnish such nets as part of their regular equipment. It also seems to be clear from the depositions that the crew of the ship took no part in the moving or securing of the net. In addition thereto, there is evidence in the depositions that none of the ship's crew had been in the hold on the afternoon in question.

In support of its motion for summary judgment against the plaintiff, Sidarma relies upon the decision of the United States Supreme Court in Usner v. Luckenbach Overseas Corporation, 91 S. Ct. 514, rendered on January 25th, 1971. What the court was dealing with in that case had been characterized by the United States Court of Appeals for the Fifth Circuit, in its opinion in the same case reported at 413 F. 2d 984, as "instant unseaworthiness resulting from operational negligence of the stevedoring contractor". In its opinion, the Supreme Court used the following language —

"* * * * The case before us presents the other side of the same coin. For it would be equally erroneous here, where no condition of unseaworthiness existed, to hold the ship-owner liable for a third party's single and wholly unforeseeable act of negligence."

It would appear that the words "wholly unforeseeable" as used therein are of particular significance because the injury in the Usner case resulted from the winch operator on deck lowering a fall into the hold of the vessel too far and too fast so that it struck a fellow worker.

It is the opinion of this court that from all of the evidence now before it there is more than an inference that the net in question had been placed in the position where it was at the time the plaintiff fell some considerable time before the accident, and that it had remained in the condition in which it had thus been placed long enough for sufficient cargo to have been loaded in the hold to reach a point even with, or higher, than the top of the net. Thus the question is raised as to whether any defective fastening of the net was a "wholly unforeseeable" act insofar as Sidarma was concerned. In the case of Italia Societa v. Oregon Stevedoring Company, 84 S. Ct. 748, the Supreme Court decided that the breaking, during the unloading of a ship, of a rope attached to a hatch tent furnished by the stevedore for use in unloading and discharging cargo caused the ship to be unseaworthy. It would seem that at this point there exists a factual question as to whether or not the ship involved in the instant action was unseaworthy, and as to whether or not the plaintiff was injured as a result of any such unseaworthy condition, thus precluding the entry of a summary judgment in favor of Sidarma against the plaintiff. Nothing contained in this order should be construed as a finding by the court at this time that said ship was unseaworthy or that the plaintiff's injuries resulted from any such condition.

For the same reasons as above set forth, and for the further reason that the plaintiff has failed to show the lack of any genuine issue of fact on his allegation that his injuries were caused by the negligence of Sidarma, it is the further opinion of this court that plaintiff's motion for summary judgment against Sidarma must be denied.

This court is of the opinion that Sidarma's motion for summary judgment against Independent on the issue of the latter's liability to indemnify Sidarma for all costs and damages which the plaintiff may be awarded against Sidarma in this action must be granted. All of the evidence now before this court shows that the net in question was brought aboard ship by Independent for use in the service it was to perform for Sidarma. The evidence further clearly shows that the placing of the net in the position in which it was located when plaintiff sought to remove it was done by employees of Independent. There is no inference from any evidence before the court that there was any defective condition in the ship which caused the net to fall. If, in fact, the net fell because it had

not been properly secured by the employees of Independent, then it was reasonably foreseeable by Independent that damages could result to Sidarma by reason of such fact. It is the opinion of this court that such a failure to properly secure the net would come within the scope of the implied warranty of workmanlike service which the Supreme Court of the United States held to exist on the part of a stevedore toward a shipower who had employed him for purposes of loading and unloading, etc. (Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U. S. 124). Again, nothing herein contained should be construed as a finding of liability on the part of Sidarma to the plaintiff at this time.

For the reasons aforesaid, it is thereupon ordered —

That the motion of the defendant/third party plaintiff, Sidarma Societa Italiana Di Armamento, for summary judgment against the plaintiff, Roosevelt Gladden, is denied.

That the motion of the plaintiff, Roosevelt Gladden, for summary judgment against the defendant, Sidarma Societa Italiana Di Armamento, is denied.

That the motion for summary judgment of the defendant/third party plaintiff, Sidarma Societa Italiana Di Armamento, against the third party defendant, Independent Stevedoring Company, is granted to the extent that said third party defendant shall be required to indemnify the defendant/third party plaintiff for all damages and costs, if any, which may be awarded in this action to the plaintiff against said defendant/third party plaintiff on account of the injuries which the plaintiff alleges that he sustained as a result of the net being improperly secured.