**John L. RIVERS, Plaintiff-Appellant,**

v.

**ANGF. A/B TIRFING, Defendant-Appellee.**

**No. 71–1976**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1971.

\* [1] Rule 18, 5 Cir.; see Isbell. Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Robert Orseck, Howard Hill Bennett, Spence, Payne & Masington, J. B. Spence, Miami, Fla., for plaintiff-appellant.

Adams, George & Wood, David L. Willing, Miami, Fla., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge.

John L. Rivers' filed a complaint against Angf. A/B Tirfing, a Swedish corporation, for damages resulting from personal injuries which occurred on June 14, 1968, when a one-ton roll of newsprint struck complainant while he was working aboard the M/V SILVERLAND, owned and operated by Tirfing. The vessel was being unloaded in the Port of Miami, Florida, by Canadian Gulf Line of Florida, Inc., third-party defendant below. Rivers was a member of a stevedoring gang engaged in unloading the cargo of newsprint which had been stowed standing on end. Part of Rivers' gang "broke" rolls of the newsprint down, turned them on their side, and started them rolling toward the center of the vessel. Rivers and a fellow worker were positioned in the center of the vessel to stop each roll with "pillows" and other equipment. The rolls would then be hoisted out of the hold by ship's tackle and placed on the wharf. Rivers and his gang were working the offshore side of the hold when the accident occurred. Just prior to the accident, the crew broke down a roll of newsprint and rolled it towards Rivers. Rivers and his co-worker stopped this roll and were preparing it for the hoist. Simultaneously, the crew broke down another roll and sent it on its way toward the center of the vessel. It struck Rivers who did not see it in time. Several longshoremen had shouted for Rivers to "watch out," but Rivers, thinking that they meant to watch out for the hoist, looked up and not back.

Rivers claimed that the vessel was unseaworthy in that it was permitted to develop a severe list which in turn caused the newsprint to roll toward him at a high rate of speed. He alleged that Tirfing was negligent in failing to correct the list and in failing to require the longshoremen to cease work when they knew or should have known of the dan-

gerous condition. Tirfing denied that there ever was a list or that it was otherwise at fault. At most, the vessel only rolled slightly due to the unloading process itself or to water conditions in the harbor. Tirfing averred that the accident was caused solely by Rivers' own negligence, by that of his fellow employees, or both, for which neither Tirfing nor its vessel could be held responsible. At the trial, Tirfing contended that the vessel was seaworthy in all respects, and that plaintiff had not shown with credible evidence that its vessel was in any way unreasonably fit for the unloading operation or that it in any way failed to provide plaintiff a safe place to work. The case was tried before a jury which returned a general verdict for defendant. The trial court denied complainant's motions for a directed verdict and for a new trial.

On appeal, Rivers urges the following errors: (1) that the court erroneously instructed the jury on the issue of the complainant's own negligence and the effect thereof as a matter of law; (2) that the court erred in denying Rivers' motion for a directed verdict because liability was clearly established; and (3) that the court erred in denying Rivers' motion for a new trial because the verdict was against the manifest weight of the evidence. We find no merit in any of these contentions.

■■■ The district court's charge is set out in the margin.[1] Appellant made no objection to the charge below, neither at the time it was given nor when the court asked counsel if any instructions had been overlooked, all prior to the submission of the case to the jury. Under Rule 51,[2] a party who fails to object to a charge waives his right to object on ap-

---

1. The charge, as it appears in pertinent part, in various parts of the record, reads as follows:

"There is a defense here of contributory negligence, that is, the plaintiff himself did something which proximately contributed to his own injury, that he was careless in that he proximately caused his own injury.

"You are instructed that the burden of the proof in this case would be shifted back to the shipowner to show and establish that if the shipowner was guilty of negligence causing the injury or one of the causes, that the palintiff [sic] himself was also guilty of negligence which was one of the proximate causes of his injury.

"If you find that the negligence of John L. Rivers, the plaintiff, existed and that his negligence resulted or was one of the causes of his injury, then if such be the case, the ship itself would not be responsible for such negligence and could not be charged as having caused the injury.

* * * * *

"Now, in claims like this, both parties may be guilty of some degree of negligence and in that event if you find they both were guilty to some degree contirbuted [sic] proximately to the injuries complained of, then you will have to determine a percentage of negligence which should be charged to the plaintiff and against the defendant, or if the plaintiff himself was negligent and that

negligence combined in any degree with the unseaworthiness on the part of the ship to cause the injuries, then you must determine the percentage of negligence of the plaintiff which contributed to his injury and the percentage to which the unseaworthiness of the vessel or negligence of the defendant contributed to his injury.

"If, for example, you find the plaintiff suffered damages in the amount of $10,000 and you find that his negligence, that is, the plaintiff's negligence contirubted [sic] to fifty per cent of this injury, then you must say he could only receive half because fifty per cent is half of a hundred. In that event, you would reduce his damages as against the defendant shipowner in half.

* * * * *

"Summed up generally between these people, first, the plaintiff cannot recover unless the defendant ship was at fault. If it was at fault and he was likewise at fault, you may name a percentage or consider the percentage of his fault as against the ship's fault."

2. Fed.R.Civ.P.Rule 51 provides in part:
"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

peal. See, e. g., Clark-Warwick, Inc. v. National Fire Ins. Co. of Hartford, 5 Cir., 1961, 291 F.2d 828. Nevertheless, Rivers would have us excuse his neglect on the theory that at no time did the trial court reveal that it would charge as it did and that "the plaintiff simply was unaware that contributory negligence was charged in the fashion that it was until the charge was reviewed" in its transcribed form. As the argument gathers force, appellant asserts that the charge was so fundamentally erroneous that we should reverse the trial court to avoid injustice. Cf. Mondshine v. Short, 5 Cir., 1952, 196 F.2d 606 (charge under Texas guest statute). We reject these contentions and hold that Rivers waived his right to object. The court's charge when read as a whole was not "fundamentally" erroneous. Indeed, the charge was adequate to place before the jury the essential elements of the doctrine of comparative negligence. In McGuire v. Davis, 5 Cir., 1971, 437 F.2d 570, we found "that the charge was sufficiently clear to be understood by jurors of ordinary intelligence and that the jury would have no difficulty in applying it to the evidence and thereby reaching the proper conclusion." 437 F.2d at 573. The court did not, as Rivers contends, charge the jury that any negligence on the part of the plaintiff would completely bar his recovery. The charge as given could not have misled the jury with respect to the law involved. If there was any error, it was at most harmless or cured by the subsequent lengthy and correct charge on comparative negligence. See McGuire v. Davis, supra, 437 F.2d at 574, n. 5.

 Appellant's remaining points test the sufficiency of the evidence upon which the jury's verdict was founded. There is substantial evidence on the record from which the jury could have concluded that the vessel was not unseaworthy and that the defendant was not negligent as claimed by Rivers. The mere fact that a roll of newsprint rolls across the hold of a vessel which is being unloaded does not render a vessel unseaworthy as a matter of law. The question is one of fact. The test is whether or not the vessel was reasonably fit for the intended purpose of unloading cargo. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed. 2d 941 (1960); Seas Shipping Co., Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). On the facts before us, there was ample evidence on which the jury could reasonably have believed that the plaintiff was injured in the course of a normal unloading operation with the vessel in a normal unloading position, and that the M/V SILVER-LAND was reasonably fit for its intended purpose of unloading cargo. The trial court correctly charged the jury: "[a] vessel does not become unseaworthy by reason of a temporary condition caused by a normal operation if that temporary condition momentarily caused the vessel to be unfit for service as similar vessels in similar service." See Luckenbach Overseas Corp. v. Usner, 5 Cir., 1969, 413 F.2d 984, aff'd, Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971); Reed v. M/V Foylebank, 5 Cir., 1969, 415 F.2d 838.

██ The case turned on the credibility of witnesses which the jury saw and heard. All of plaintiff's witnesses testified that the vessel was severely listed between 25 and 50 degrees. Tirfing's witnesses were apparently short in numbers but long in credibility. They testified that if what Rivers claimed were the truth, a virtual state of chaos would have existed aboard the vessel: pots and pans would fly; the cargo would have fallen and could not have been moved; water would have flowed out of the sanitary facilities. The jury rejected the plaintiff's evidence. "This Court in considering a sufficiency question is required to accept all evidence in favor of the verdict as true and to give that evidence the benefit of all permissible inferences that help sustain the jury's decision." McGuire v. Davis, 5 Cir., 1971, 437 F.2d 570, 576, and cases cited in note 12 thereof. There is substantial

evidence in the record to support the jury's verdict and we decline to set it aside. See United States v. Mills, 5 Cir., 1968, 399 F.2d 944, 948.

We have carefully reviewed all the other claims of error and find no merit in any of them.

Affirmed.