502 F.2d 969
 Arthur Gene CASE, Plaintiff-Appellant,
v.
D. J. McDUFFIE, INC., Defendant-Appellee.
No. 74-1656 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct. 14, 1974.
 
 Owen J. Bordelon, Jr., Gretna, La., for plaintiff-appellant.
 Donald V. Organ, New Orleans, La., for defendant-appellee.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 On January 23, 1973, appellant was injured while working as a 'floor hand' on a drilling barge owned and operated by appellee. The crew was 'working over' a pre-existing oil well, and was pulling pipe out of the hole when the accident occurred. The pipe is removed in sections, which are unscrewed from each other and then racked. On this occasion, when the particular length of pipe was separated from the rest of the pipe, instead of coming straight up it snapped away, Swung across the rig and struck appellant above his right eye.
 
 
 2
 Appellant broght suit for damages in the district court under the Jones Act and the general maritime law. At the close of all the evidence, the court granted appellee's motion for a directed verdict. We reverse and remand for a new trial because the court erred in directing a verdict on the issue of unseaworthiness.
 
 
 3
 The question of a vessel's seaworthiness is ordinarily one of fact. See, Rivers v. Angf. A/B Tirfing, 450 F.2d 12 (5th Cir. 1971); United States Lines Company v. Williams, 365 F.2d 332 (5th Cir. 1966); Jefferson v. Taiyo Katun, 310 F.2d 582 (5th Cir. 1962). The question must be submitted to the jury if '. . . fair-minded men, viewing all the facts and the inferences that may be drawn from the facts, can differ over whether the ship and its gear are reasonably fit for service . . ..' Lundy v. Isthmian Lines, Inc., 423 F.2d 913, 915 (4th Cir. 1970). In order to meet this burden, a plaintiff need only show '. . . that the device in question failed under conditions when it should have functioned properly.' Oliveras v. American Export Isbrandtsen Lines, Inc., 431 F.2d 814, 816 (2nd Cir. 1970). Proof of precisely how or why the failure occurred is unnecessary. See, Gibbs v. Kiesel, 382 F.2d 917 (5th Cir. 1967); Vega v. The Malula, 291 F.2d 415 (5th Cir. 1961). In Vega a sheave fell on and injured a longshoreman when a pin unaccountably slipped out of a cargo block. Describing the accident as '. . . a classic case of patent unseaworthiness . . .' this court said:
 
 
 4
 The event occurred . . .. The block failed while being used for a normal expected purpose . . .. How the pin happened to slip out is of no real legal significance. No matter how much care was used either by the owner, the ship's crew, or the deceased crew member immediately responsible for its maintenance, the failure of the block under normal expected use visits on the vessel owner an unremitting liability based on the breach of the absolute duty. Vega, supra, pp. 419-420.
 
 
 5
 Here, appellant's proof clearly showed that the pipe failed to come out of the hole in the normal manner. This presents a question of fact as to the vessel's seaworthiness, a question which the jury should have been allowed to resolve.
 
 
 6
 Reversed and remanded.