Ray W. LAMBERT, Sr.,
Plaintiff-Appellant,

v.

**DIAMOND M DRILLING COMPANY, et al., Defendants-Appellees.**

No. 81–3373.

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1982.

Lawrence N. Curtis, Lafayette, La., for plaintiff-appellant.

Weigand & Siegrist, Joseph J. Weigand, Jr., Houma, La., for Diamond M Drilling.

## ON PETITION FOR REHEARING

(Opinion August 26, 1982, 5 Cir., 1982, 683 F.2d 935)

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.

Petitioner, Defendant-Appellee, Diamond M Drilling Company, raised the question of whether our prior opinion granted a new trial only as to the Jones Act claim or as to both the Jones Act and the unseaworthiness claims. Diamond M correctly understands the Court's opinion to say that the new trial was ordered only as to the Jones Act claim.

The two grounds given for granting the new trial were: (1) the failure of the district court to apply the proper standard in granting a directed verdict for defendant under the Jones Act claim, and (2) the fact that there was at least some evidence of negligence in the record for which Diamond M would be responsible, and this is enough to avoid a directed verdict against a Jones Act claim.

As we pointed out in our opinion, the district court did apply the proper standard in granting a directed verdict as to the unseaworthiness claim. *Allen v. Seacoast Products, Inc.*, 623 F.2d 355, 359 (5th Cir. 1980). In *Mitchell v. Trawler Racer*, 362 U.S. 539, 550, 80 S.Ct. 926, 933, 4 L.Ed.2d 941 (1960), the Supreme Court said there is a "complete divorcement of unseaworthiness liability from concepts of negligence." This conclusion was quoted again with approval in *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 499, 91 S.Ct. 514, 517, 27 L.Ed.2d 562 (1971), affirming our decision granting defendant a motion for summary judgment in *Luckenbach Overseas Corp. v. Usner*, 413 F.2d 984 (5th Cir. 1969).

This is not to say that negligence cannot play a role in an unseaworthiness case. We have specifically recognized situations in which the acts and omissions which support a finding of negligence under the Jones Act can also cause an unseaworthiness condition. *Smith v. Ithaca Corp.*, 612 F.2d 215, 220 (5th Cir. 1980). But in *Usner, supra,* we said that " '[i]nstant unseaworthiness' resulting from 'operational negligence' of the stevedoring contractor is not a basis for recovery by an injured longshoreman." 413 F.2d at 985. The Supreme Court in affirming our decision held that to find unseaworthiness in the "isolated, personal negligent act" of petitioner's fellow employee "would be to subvert the fundamental distinction between unseaworthiness and negligence that we have so painstakingly and repeatedly emphasized in our decisions." 400 U.S. at 500, 91 S.Ct. at 518.

Since the district court applied the proper standard in granting the directed verdict for Diamond M on the unseaworthiness claim, *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), and since, applying the same standard, we find nothing in the record to counter the "isolated instance of negligence" factual showing, we did not upset the district court's directed verdict for Diamond M on the unseaworthiness claim.

Motion for Rehearing DENIED.